Manion, Circuit Judge, concurring in part and dissenting in part.
 

 I agree with the court that the plaintiffs failed to adduce enough evidence to avoid summary judgment on their various disparate treatment claims, so I join its opinion in those respects. However, I disagree with the court's conclusion that the plaintiffs' hostile work environment claims should go to trial. For the reasons stated by the district court, I would affirm the judgment in favor of Advocate in its entirety.
 

 It is of course true that even "[o]ne overtly racial comment is too many in terms of basic civility and expected workplace norms."
 
 Johnson v. Advocate Health & Hosps. Corp.
 
 , No. 14-CV-8141,
 
 2016 WL 5871489
 
 , at *7 (N.D. Ill. Oct. 7, 2016) (opinion below). Nevertheless, "Title VII is not
 a general code of workplace civility, nor does it mandate admirable behavior from employers."
 
 McKenzie v. Milwaukee Cty.
 
 ,
 
 381 F.3d 619
 
 , 624 (7th Cir. 2004). "We will not find a hostile work environment for mere offensive conduct that is isolated, does not interfere with the plaintiff's work performance, and is not physically threatening or humiliating."
 
 Yancick v. Hanna Steel Corp.
 
 ,
 
 653 F.3d 532
 
 , 544 (7th Cir. 2011). Under this standard, we have held that "[a] handful of comments spread over months" is insufficient to demonstrate "severe or pervasive" harassment as a matter of law.
 
 Baskerville v. Culligan Int'l Co.
 
 ,
 
 50 F.3d 428
 
 , 431 (7th Cir. 1995) ; see also
 
 Patt v. Family Health Sys., Inc.
 
 ,
 
 280 F.3d 749
 
 , 754 (7th Cir. 2002) (eight comments over the course of employment not enough). In sum, although we have disclaimed our former use of the descriptor "hellish" to describe an actionable work environment, compare
 
 Wyninger v. New Venture Gear, Inc.
 
 ,
 
 361 F.3d 965
 
 , 977 (7th Cir. 2004) (quoting
 
 Rogers v. City of Chicago
 
 ,
 
 320 F.3d 748
 
 , 752 (7th Cir. 2003) ), with
 
 Jackson v. Cty. of Racine
 
 ,
 
 474 F.3d 493
 
 , 500 (7th Cir. 2007), plaintiffs still must clear a high bar to avoid summary judgment, see
 
 Boumehdi v. Plastag Holdings, LLC
 
 ,
 
 489 F.3d 781
 
 , 789 (7th Cir. 2007) (comparing the "high standard for hostile work environment claims" with the even higher one for constructive discharge claims).
 

 This is not a class action; each individual plaintiff must adduce enough evidence for a reasonable juror to conclude that he or she was subject to a hostile work environment. When viewed in this manner, the district court was clearly correct that "[t]he things each plaintiff heard were too isolated, indirect, and sporadic to be actionable."
 
 Johnson
 
 ,
 
 2016 WL 5871489
 
 , at *8. Indeed, once one discounts the plaintiffs' disparate treatment claims (as the court does), some of the plaintiffs' hostile work environment claims are extraordinarily weak. Plaintiff Kimberly Scott-Murray, for example, complains of just one racially charged comment the entire time she was employed at Advocate. She had no interaction with Susan Castillo and just one minor interaction with Mike Michalkowski, so the conduct of these two major offenders had little to no impact on her work environment. Plaintiff Robert Pannell's claim is on even shakier ground; the only racially charged comments which he testified to hearing were not addressed to him. And neither the court today nor the district court pointed to any race-based comment made in the presence of Plaintiff Annette Smith. At the very least, we should affirm summary judgment for Advocate against these three plaintiffs.
 

 Plaintiffs Warren Johnson and Sherry Young have somewhat stronger claims, but even their allegations fall short of demonstrating the type of work environment necessary to survive summary judgment. I agree with the district court that "[e]ach of these comments should be cause for concern, but they were not so serious (on their own or in combination) or so numerous that they materially influenced plaintiffs' working conditions."
 

 Id.
 

 These "sporadic, offensive comments" are simply not enough to clear the high bar this court has set in order to bring hostile work environment claims before a jury.
 

 Id.
 

 Therefore, I would also affirm the district court with respect to Johnson's and Young's hostile work environment claims.
 
 [1]
 

 Because I conclude that none of the plaintiffs proffered sufficient evidence to avoid summary judgment on their hostile work environment claims, I respectfully dissent from that portion of the court's
 opinion and judgment. I would affirm the judgment below in full.
 

 Because I conclude that the plaintiffs' hostile work environment claims should fail, I express no opinion on whether employer liability was appropriate in this case.